UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON O. MURPHY, SR., | No. 2:25-cv-1886 DJC AC PS |
| Plaintiff, | |
| v. | <u>ORDER</u> |
| KELLER/POSTMAN LLC, | |
| Defendant. | |

Plaintiff, who is proceeding in pro se, has filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. ECF No. 2.

The federal venue statute provides that a civil action "may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this action, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

In this case, the claims arose in Martinez, California (Contra Costa County) which is in the Northern District of California. ECF No. 1 at 2. The plaintiff is also from Contra Costa County, California. ECF No. 1-1. Therefore, plaintiff's case should have been filed in the United

1

States District Court for the Northern District of California. The court notes that this is not the first case plaintiff has filed in this district that should have been brought in the Northern District of California. See, e.g., Murphy v. Oakland Unified School District, 24-cv-2588 DJC AC. Plaintiff is apparently aware that this case should have been filed in the Northern District of California; he wrote that he "prefers Eastern District, since other reply court, the Northern District of California fails proper fair due-process, law." ECF No. 1 at 1. Plaintiff is instructed that he must file his lawsuits in the correct court. The rules of venue are not optional, and filing within the wrong district will only delay the adjudication of his cases.

     In the interest of justice, a federal court may transfer a complaint filed in the wrong district to the correct district. See 28 U.S.C. § 1406(a); Starnes v. McGuire, 512 F.2d 918, 932 (D.C. Cir. 1974). Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United States District Court for the Northern District of California.

DATED: September 22, 2025

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE