UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| SHANNON O. MURPHY,<br><br>       Plaintiff,<br><br>   v.<br><br>KELLER/POSTMAN LLC,<br><br>       Defendant. | Case No. 25-cv-08145-LB<br><br>**SCREENING ORDER**<br>Re: ECF No. 1 |

**INTRODUCTION AND STATEMENT**

The plaintiff, who is proceeding pro se and seeks to proceed in forma pauperis, sued defendant Keller Postman LLC, claiming damages of $350,000, alleging that he tried to consult with a Keller Postman attorney, possibly about his treatment at a VA facility or injuries at Camp Lejeune. In response, they sent emails (including requests related to HIPPA information) and did not accommodate his request for a consultation, in violation of state law (including negligence, breach of contract, discrimination and harassment by unfair emails implicating HIPPA, and assault).[1] The complaint was filed in the Eastern District of California, which transferred the case to the Northern District of California because the claims arose in Martinez, the plaintiff lives in Contra Costa

---

[1] Compl. – ECF No. 1 at 1–2. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

ORDER – No. 25-cv-08145-LB

County, and venue is in the Northern District.[2] Before directing the United States Marshal to serve the defendant with the complaint, the court must screen it for minimum legal viability. 28 U.S.C. § 1915(e)(2)(B). The court issues this screening order to give the plaintiff notice of the deficiencies in his complaint and an opportunity to cure them by December 1, 2025, by filing a supplement to his complaint explaining plainly the facts that support his claim and the court's jurisdiction.

## ANALYSIS

Before a court can direct the U.S. Marshal to serve — under Fed. R. Civ. P. 4(c)(3) — the complaint of a person proceeding in forma pauperis under 28 U.S.C. § 1915(a), the court must determine whether the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Federal courts must construe pro se complaints liberally. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005). A pro se plaintiff need only provide defendants with fair notice of his claims and the grounds upon which they rest. *Hearns*, 413 F.3d at 1043. He need not plead specific legal theories so long as sufficient factual averments show that he may be entitled to some relief. *Id.* at 1041.

Federal courts are courts of limited jurisdiction. There must be federal-question jurisdiction or diversity jurisdiction. There are no federal claims establishing federal-question jurisdiction. 28 U.S.C. § 1331. The issue is whether there is diversity jurisdiction. *Id.* § 1332(a). And if there is, the next issue is whether the plaintiff states viable claims.

**1. Diversity Jurisdiction**

The defendant is an LLC. "For purposes of diversity jurisdiction, an LLC — or other unincorporated association — has the citizenship of all of its owners/members." *Motu Novu, LLC v. Percival*, No: C 16-06545 SBA, 2018 WL 3069316, at *8 (N.D. Cal. May 7, 2018) (citing *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) and *Grupo*

---

[2] Order – ECF No. 3.

*Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 586 (2004)). A corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

The plaintiff is a resident of California.[3] The defendant is a law firm with offices in Illinois, the District of Columbia, Florida, Massachusetts, Texas, Minnesota, and Ohio. According to its website, it has twelve partners, one of whom is licensed in California. He is also licensed in the District of Columbia.[4] Court documents filed in the Superior Court of California provide an address for that partner in the District of Columbia.[5] If that is the case, and none of the defendant's members reside in California, then there is diversity of citizenship, and the court has diversity jurisdiction. If any of the defendant's members are residents of California, then the court does not have diversity jurisdiction.

**2. Facts to Support Claims**

Here, the complaint does not state facts that allow the court to evaluate the plaintiff's claims. The plaintiff does not need to explain the law, but he must explain the facts: what happened, who did it, and why he thinks he is entitled to relief for what happened. The facts here support only the conclusion that the plaintiff asked for a consultation, potentially in connection with a Camp Lejeune claim, which the law firm did not provide. That does not state a claim. In California, an attorney-client relationship is established "[w]hen a party seeking legal advice consults an attorney at law and secures that advice." *People ex rel. Dep't of Corps. v. SpeeDee Oil Change Sys., Inc.*, 20 Cal. 4th 1135, 1148 (1999). The plaintiff does not allege that the defendant provided him with any advice. In addition, the defendant's website also indicates that it is "no longer accepting new

---

[3] Civil Cover Sheet – ECF No. 1-1 at 1.

[4] Warren Postman, Keller Postman LLC, https://www.kellerpostman.com/our-team/warren-postman/.

[5] Req. for Dismissal, *Keller Postman LLC v. Jenner & Block LLP, et al.*, Case No. 24STCV32754 (Cal. Super. Ct. L.A. Cnty. Dec. 31, 2024).

clients with Camp Lejeune claims."[6] The plaintiff must file a supplement adding any additional allegations no later than December 1, 2025.

**CONCLUSION**

The plaintiff must file a supplement to his complaint by December 1, 2025, to address these issues. If he does not, his complaint may be dismissed without prejudice to pursuing any relief in state court. The plaintiff also can file a one-page notice of a voluntary dismissal of his claims, which will be a dismissal without prejudice to pursuing any viable claims in state court.

**IT IS SO ORDERED.**

Dated: November 7, 2025

_____
LAUREL BEELER
United States Magistrate Judge

---

[6] Camp Lejeune Litigation, Keller Postman LLC, https://www.kellerpostman.com/cases/camp-lejeune-litigation/.